***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. The parties are subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. Reliance was the original compensation carrier on the risk. This claim was then handled by Cambridge Integrated Services with North Carolina Insurance Guaranty Association as TPA.
6. All of plaintiff's medical records, Affidavits of Kirk Kuhns and Thomas Duncan, the Mediated Settlement Agreement signed by the parties and dated September 22, 2003, the Compromise Settlement Agreement and Attachments forwarded to plaintiff's attorney on September 23, 2003, the Report of Mediator dated September 23, 2003 were submitted as a Stipulated Exhibit.
7. Plaintiff's average weekly wage was $598.07.
8. Plaintiff's date of injury is May 7, 1998.
In addition to the other stipulations contained herein, the parties hereto stipulate and agree with respect to the following undisputed facts:
a. On September 22, 2003 the parties held a mediated settlement conference.
b. On that date the plaintiff, his attorney and counsel for defendants signed a Mediated Settlement Agreement wherein it was agreed that defendants would pay $30,000.00 in consideration for settling all outstanding issues with regard to plaintiff's workers' compensation claim.
c. On September 23, 2003, defendants forwarded a Compromise Settlement Agreement to plaintiff's attorney for signature.
d. To date, plaintiff has refused to sign and this matter remains unresolved.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on or about May 7, 1998 when he experienced an acute exposure to certain chemical(s).
2. Plaintiff was initially seen and evaluated at Moore Regional Hospital where he was diagnosed with chemical bronchitis and treated conservatively.
3. Plaintiff underwent a neuropsychological evaluation by Dr. Natalie Price and Dr. Frank Wood and both indicated employee's affective problems are not likely a side effect of the chemical exposure since employee was "clean" cognitively.
4. Plaintiff was seen and evaluated at Duke University Medial Center by Dr. Carol Epling and she recommended pulmonary function tests along with a methacholine challenge. Said tests were normal.
5. After an extensive evaluation and review of all recommended testing, Dr. Epling advised neuropsychologic testing revealed mild decrease in attention more consistent with affective disorder than a cognitive effect of exposures to solvents.
6. Dr. Epling recommended air quality studies of the workplace and after review of the same indicated employee was capable of returning to work without restriction on September 17, 1999.
7. Defendant-employer and defendant-carrier have specifically denied employee's psychological illness, psychiatric illness, neuropsychological illness, neuropsychiatric illness, vocal cord dysfunction, hyperventilation syndrome, vision problems panic attacks, anxiety, dizziness, depression, fatigue, shortness of breath, hoarseness, elevated liver enzymes and cough relative to this claim.
8. Plaintiff, through counsel, filed a Form 33 Request for Hearing on October 7, 1998 due to defendants' denial of benefits.
9. Defendants, through counsel, filed a Form 33R in response to plaintiff's request for hearing on October 26, 1998.
10. Mediation was scheduled on October 5, 1999 and the parties reached a compromise settlement. Plaintiff agreed to settle his workers' compensation claim in its entirety for $25,000.00. Plaintiff, his counsel and defense counsel signed a Mediated Settlement Agreement commemorating the agreement.
11. Defendants forwarded the Compromise Settlement Agreement to plaintiff, through counsel, on October 8, 1999.
12. Plaintiff refused to sign the Compromise Settlement Agreement and has withdrawn his affirmation of the settlement.
13. Plaintiff's counsel, Mr. Thomas VanCamp, filed a Motion to Withdraw as counsel in this matter on February 17, 2001 and an Order was executed by Executive Secretary Tracey Weaver on March 5, 2001 allowing Mr. VanCamp to withdraw from his representation of plaintiff in this matter.
14. This mater was set for hearing on March 21, 2002 in front of Deputy Commissioner Ronnie Rowell.
15. On February 22, 2002, plaintiff wrote Deputy Commissioner Rowell asking for a continuance which was granted.
16. The matter was reset for hearing on June 26, 2002.
17. Plaintiff called the Industrial Commission again asking for a continuance. Deputy Commissioner Holmes issued an Order, advising he had been informed by plaintiff that he wished to consult with an attorney to represent him in this matter as his prior counsel had withdrawn. Deputy Commissioner Holmes also removed the case from the active hearing docket on May 14, 2002.
18. Nearly a full year later, plaintiff retained attorney Darrell Whitley on or about April 22, 2003.
19. Attorney Whitley filed a Form 33, Request for Hearing, with the Industrial Commission on May 13, 2003.
20. Defendants filed another Form 33R, Response to Request for Hearing, on May 22, 2003.
21. The case was ordered into mediation and the parties selected Mr. Thomas Duncan as mediator.
22. The second mediated settlement conference was held on September 22, 2003.
23. The parties reached an agreement wherein plaintiff agreed to accept $30,000.00 in exchange for the resolution of his workers' compensation claim and execution of a Compromise Settlement Agreement.
24. Plaintiff, plaintiff's counsel and defense counsel affixed their signatures upon the Mediated Settlement Agreement on September 22, 2003.
25. The Mediated Settlement Agreement contained specific and definite terms outlining the resolution of plaintiff's workers' compensation claim in exchange for the sum of $30,000.00.
26. Plaintiff's counsel testified at the June 22, 2004 hearing that, at the time of the mediation, his client appeared to understand the nature of the agreement he was entering into. Plaintiff's counsel testified that there was no evidence that his client was incompetent or incapable of understanding the proceeding and assisting in his claim. Further, both plaintiff's counsel and father were present and recommended that he sign the agreement.
27. The very next day, on September 23, 2003, defense counsel forwarded a Compromise Settlement Agreement to plaintiff's attorney.
28. Thomas Duncan, the mediator, also forwarded his report of mediator to the Commission advising that the parties had reached an agreement as to all issues and the settled issues were to be disposed by Compromise Settlement Agreement.
29. Plaintiff subsequently refused to sign the Compromise Settlement Agreement.
30. Defendants then filed a Form 33, Request for Hearing, on March 31, 2004 seeking to enforce the Mediated Settlement Agreement that was reached at the September 22, 2003 medication.
31. This matter was set for hearing in front of Deputy Commissioner Holmes on June 22, 2004. Plaintiff was informed of the hearing by his attorney. Plaintiff was also informed by Deputy Commissioner Holmes that he would need to appear at the hearing.
32. Plaintiff failed to appear at the scheduled time. However, plaintiff's counsel, Mr. Whitley, appeared at the scheduled time. Mr. Whitley informed the court and defense counsel that he was not sure if his client still wanted him to represent him but since he had not withdrawn he thought he should appear.
33. Mr. Whitley stated that he had informed his client of the hearing date and time. The deputy commissioner had also informed plaintiff of the date and time of the hearing.
34. Since plaintiff initiated his claim in 1998, he has agreed to resolve the matter twice by signing Mediated Settlement Agreements. Plaintiff has been represented by counsel on both occasions.
35. Finally, after failing to resolve the case despite having two agreements to settle the case, defendants were forced to file their own request for hearing to enforce the Mediated Settlement Agreement.
36. The Full Commission has reviewed the medical evidence in this case along with the Mediated Settlement Agreement and the proposed clincher and attachments and finds that the mediated settlement is fair and just, and in the best interest of all parties and is approved in the amount of $30,000.00 by the Industrial Commission.
37. The interests of all parties and of any person, including a health benefit plan, who paid medical expenses of the plaintiff have been considered and it further appears that the positions of the parties to the agreement are reasonable as to the payment of medical expenses.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Mediated Settlement Agreement that the parties signed on September 22, 2003 is an enforceable contract and is approved by the Industrial Commission. Once a settlement agreement is reached during the mediation, whether or not it is executed by the parties, it is binding on them, and all that is left for the agreement to be submitted to the Industrial Commission for review and approval. Lemly v. Colvard OilCompany, 157 N.C. App. 99, 577 S.E.2d 712 (2003).
2. The Industrial Commission in its discretion denies defendants' motion to be awarded attorney fees. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The Mediated Settlement Agreement is deemed by the Commission to be fair and just, and in the best interests of all parties. Furthermore, the interests of all parties and of any person, including a health benefit plan, who paid medical expenses of the plaintiff have been considered and it further appears that the positions of the parties to the agreement are reasonable as to the payment of medical expenses. The agreement is incorporated herein by reference and is approved in the amount of $30,000.00. Compliance with the terms of the agreement shall discharge defendants from further liability under the Workers' Compensation Act by reason of the injury giving rise to this claim.
2. Defendants may disburse the funds to plaintiff and to plaintiff's, Darrell Whitley, as provided for in the Mediated Settlement Agreement. An attorney fee of 25% of the amount awarded to plaintiff in the Mediated Settlement Agreement is hereby approved and that amount ($7,500.00) is to be deducted from the amount owed plaintiff and sent directly to plaintiff's counsel at the time of the mediated settlement agreement. Plaintiff's prior counsel, Thomas M. Van Camp, has requested an attorney fee. By copy of this Opinion and Award, Mr. Van Camp is notified that this case has now been settled, and Mr. Van Camp may pursue his request for a fee in the appropriate forum.
3. Each side shall pay its own costs of this action.
This the 22nd day of February, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER